UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

WENDELL JENKINS; NAQUAN HORNE;
ANTOINE MORRIS; KENNETH MOORE;
ERIC GAY; JAMAL LAURENT,

           Plaintiffs,

        -against-

MEDICAL STAFF; P.A. BERNARD; AND
JANE/JOHN DOES; OFFICER SANTIAGO;
LIEUTENANT SPEARS; OFFICER
CASTELLON; OFFICER KING; OFFICER
JIMENEZ; OIC JOHN DOE; OFFICER OKOLU;
OFFICER HENDERSON; OFFICER LOU;
OFFICER MORREIRA; OFFICER GARCIA;
AND OFFICER JANE/JOHN DOES; OFFICER
DEMOTHENES; OFFICER LOPEZ; OFFICER
COLON,

           Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
12-CV-1720 (CBA)

**AMON, Chief United States District Judge.**

On March 16, 2012, *pro se* plaintiffs, all incarcerated at the Metropolitan Detention Center ("MDC"), filed this action pursuant to, *inter alia*, 42 U.S.C. § 1983.[1] On April 24, 2012, plaintiffs Wendell Jenkins ("Jenkins"), Jamal Laurent ("Laurent"), and Eric Steven Gay ("Gay") filed requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), which the Court grants. See Dkt. Entries 10, 12 & 14. Jenkins is the only plaintiff to sign the complaint. In three letters also filed on April 24, 2012, Jenkins informs the Court that Naquan Horne, Antoine Morris, and Kenneth Moore will not file IFP applications and wish to be terminated from this action. See

---

[1] By Order dated April 3, 2012, this action was transferred to this court from the United States District Court for the Southern District of New York. See Dkt. Entry 3.

1

Dkt Entries 7-9. The Clerk of Court is directed to terminate Naquan Horne, Antoine Morris, and Kenneth Moore from this action. For the reasons discussed below, Jenkins, Laurent and Gay ("the Remaining Plaintiffs") are granted thirty (30) days leave to file an amended complaint.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiffs' *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

2

## DISCUSSION

The complaint filed in this action appears to have been drafted by plaintiff Jenkins. It contains claims that relate to all three remaining plaintiffs, but these claims are often phrased from Jenkins's perspective or appear to seek relief only for the harms caused to him. And although Jenkins claims to have secured the authorization of his putative fellow plaintiffs to file the complaint on their behalf, his signature is the only one that appears on the complaint. This manner of proceeding presents several problems.

First, pursuant to Rule 8 of the Federal Rules of Civil Procedure, each plaintiff must provide a short, plain statement of claim against each defendant named so that the defendants have adequate notice of the claims against them. Iqbal, 556 U.S. at 677-79 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Because it is sometimes difficult to tell the nature of the harms asserted, and which plaintiff asserts them, this complaint does not satisfy that requirement.

Second, "an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) (internal quotation marks omitted). Since plaintiffs here are proceeding *pro se*, each must sign the complaint. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."). Because Jenkins is the only one to have signed the complaint, Laurent and Gay's claims may not proceed.

Lastly, for a plaintiff to invoke the jurisdiction of the federal courts, Article III, Section 2 of the United States Constitution requires that a person have standing. Cooper v. U.S. Postal Serv.,

577 F.3d 479, 489 (2d Cir. 2009). In order for a plaintiff to establish standing, he must allege that he suffered an "injury-in-fact." Cooper, 577 F.3d at 489. At a minimum, this "requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" Id. (quoting Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982)). The injury must be an "invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted). Moreover, "there must be a causal connection between the injury and the conduct complained of," and it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 560-61 (internal quotation marks omitted). Here, because it is unclear which plaintiffs assert which injuries, it is unclear whether each remaining plaintiff has standing to seek the desired relief.

For the above reasons, this action may not proceed upon this complaint. Because the Court cannot conclude, however, that plaintiffs could not state viable claims, it grants them thirty (30) days to amend their complaint.

## CONCLUSION

The Clerk of Court is directed to terminate Naquan Horne, Antoine Morris, and Kenneth Moore from this action. The requests submitted by Wendell Jenkins, Jamal Laurent and Eric Steven Gay to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) are granted.

In light of this Court's duty to construe *pro se* complaints liberally, the remaining plaintiffs are granted thirty (30) days leave to file an amended complaint. See generally Cruz v. Gomez, 202

F.3d 593 (2d Cir. 2000). The amended complaint, which will completely replace the instant complaint, should be captioned, "Amended Complaint," should list only the remaining plaintiffs in the caption, and must be signed by each remaining plaintiff. If plaintiffs fail to file an amended complaint, judgment dismissing this action shall be entered.

No summonses shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
June 18, 2012